2012-APR-06  14:36    FROM-ABC LEGAL SERVICES              +2132539413        T-502  P.007/008  F-350

FILED COPY

1 David C. Powell (SBN 129781)
  Email: dpowell@reedsmith.com
2 Heather B. Hoesterey (SBN 201254)
  Email: hhoesterey@reedsmith.com
3 Carolee A. Hoover (SBN 282018)
  Email: choover@reedsmith.com
4 REED SMITH LLP
  101 Second Street, Suite 1800
5 San Francisco, CA 94105-3659
  Telephone: +1 415 543 8700
6 Facsimile: +1 415 391 8269

7 Attorneys for Defendant VW Credit, Inc.

2012 APR -6 PM 2:05

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10  SUZANNE BELL, individually and on         CASE No. CV12 03039 R JCGx
    behalf of all others similarly situated,
11                                            NOTICE OF REMOVAL
                  Plaintiff,                  PURSUANT TO 28 U.S.C. §§ 1332,
12                                            1441 AND 1446 AND THE CLASS
          vs.                                 ACTION FAIRNESS ACT
13
    SOUTH BAY MOTORS, LLC, a
14  California limited liability company, d.b.a
    PACIFIC VOLKSWAGEN; VW
15  CREDIT, INC., a Delaware Corporation;
    VOLKSWAGEN GROUP OF
16  AMERICA, INC., a New Jersey
    Corporation; and DOES 1 through 10,
17  inclusive,

18                Defendants.

19

20        TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

21  CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER

22  ATTORNEYS OF RECORD:

23

24        PLEASE TAKE NOTICE that defendant VW Credit, Inc. ("VW Credit")

25  hereby removes the above-entitled civil action from the Superior Court of the State of

26  California, County of Los Angeles, where it is now pending as Case No. BC479956,

27  to the United States District Court for the Central District of California, pursuant to 28

28  U.S.C. Sections 1332, 1441 and 1446 and the Class Action Fairness Act of 2005

1  ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005), and alleges that removal is proper for

2  the following reasons:

3

4  ## REMOVAL TO THIS JUDICIAL DISTRICT IS PROPER AND TIMELY

5

6  On March 1, 2012, plaintiff Suzanne Bell ("Plaintiff") filed the above-entitled

7  action in the Superior Court of the State of California, County of Los Angeles.  The

8  County of Los Angeles is within this judicial district.

9

10  VW Credit first received notice of this action by service of the summons and

11  Complaint on or after March 7, 2012.  The Complaint was the first pleading, notice,

12  order or other paper from which it could be ascertained that this action is removable.

13  Thirty days since notice and service has not yet expired.

14

15  ## REMOVAL IS PROPER UNDER
16  ## 28 U.S.C. § 1332(d) AND THE CLASS ACTION FAIRNESS ACT

17  This action is a civil action within the original jurisdiction of this Court, and

18  may be removed pursuant to 28 U.S.C. § 1441 and the procedures set forth in 28

19  U.S.C. § 1446 based on diversity jurisdiction under 28 U.S.C. § 1332(d)(2) and

20  CAFA.  28 U.S.C. § 1332(d)(2) provides:

21
22  > The district courts shall have original jurisdiction of any civil action in
   > which the matter in controversy exceeds the sum or value of $5,000,000,
23  > exclusive of interests and costs, and is a class action in which – (A) any
   > member of a class of plaintiffs is a citizen of a State different from any
   > defendant.
24
25  28 U.S.C. § 1332(d)(2).  A district court shall decline to exercise jurisdiction of a class

26  action if, "the number of members of all proposed plaintiff classes in the aggregate is

27  less than 100." 28 U.S.C. § 1332(d)(5)(B).  Accordingly, 28 U.S.C. § 1332 and

28  CAFA provide that an action may be removed if: (1) the action is a class action; (2)

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 AND
THE CLASS ACTION FAIRNESS ACT

US_ACTIVE-109072482.2

1   membership in the putative class is at least 100; (3) minimal diversity of citizenship

2   exists (any member of the plaintiff class is a citizen of a state different from any

3   defendant); and (4) the aggregate amount in controversy exceeds $5,000,000.  The

4   requirements of 28 U.S.C. § 1332(d) are met in this action as set forth below.

5       **A.    This action is a "class action" within the meaning of a 28 U.S.C. §**

6   **1332(d)(1)(B).**

7       28 U.S.C. § 1332(d)(1)(B) provides:

8       The term 'class action' means any civil action filed under rule 23 of the
        Federal Rules of Civil Procedure or similar State statute or rule of
9       judicial procedure authorizing an action to be brought by 1 or more
        representative persons as a class action.
10

11  In this action, Plaintiff alleges Plaintiff brings the Complaint as a "class action

12  pursuant to the provisions of California Code of Civil Procedure section 382 and/or

13  Civil Code Section 1871(a)."  *See* Complaint ¶ 22.

14

15      Plaintiff's Complaint alleges claims against defendants South Bay Motors, LLC

16  d/b/a Pacific Volkswagen ("Pacific") and VW Credit for violation of the California

17  Consumers Legal Remedies Act, California Automobile Sales Finance Act, California

18  Business and Professions Code based on allegations that on August 29, 2009 Plaintiff

19  entered into a Retail Installment Sales Contract ("Contract") for the purchase of a

20  Volkswagen Jettavehicle, Vehicle Identification Number 3VWRL7AJ8M014741 with

21  Pacific, which Contract Plaintiff alleges failed to disclose registration/ transfer/ titling

22  fees. *See*, *e.g.*, Complaint ¶¶ 42, 50-53.  Plaintiff alleges that the Contract was then

23  assigned to VW Credit.  Complaint ¶ 57.  Plaintiff has also alleged an individual claim

24  for violation of the California Song-Beverly Consumer Warranty Act against Pacific,

25  VW Credit, and defendant Volkswagen Group of America, Inc. ("VW Group").

26

27      Plaintiff seeks to represent two putative classes.  One putative class ("proposed

28  Class 1") Plaintiff defines as:

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 3 –                    US_ACTIVE-109072482.2

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

> All persons who, in the four years prior to the filing of this complaint, (1) purchased a vehicle from Pacific for personal use to be registered in the State of California, and (2) signed a conditional sale contract that failed to separately disclose the amounts paid for license fees and/or the amounts paid for registration, transfer, and/or titling fees.

*See* Complaint ¶ 23(a). Plaintiff also "proposes a SubClass of Class 1" consisting of all persons for whom VW Credit is the holder and/or assignee of their contract. *Id.* The second putative class ("proposed Class 2") Plaintiff defines as:

> All persons who, in the four years prior to the filing of this complaint, (1) purchased a vehicle in California for personal use to be registered in the State of California, and (2) signed a conditional sale contract that failed to separately disclose the amounts paid for license fees and/or the amounts paid for registration, transfer, and/or titling fees, (3) whose contract on the face disclosed registration, transfer, and titling fees as either "N/A", "$0", or "INCL." instead of setting forth a dollar value, and (4) whose contract was assigned to VW Credit.

*See* Complaint ¶ 23(b). Accordingly, Plaintiff seeks to represent a class of persons pursuant to the applicable California State rules, and this action is a class action within the meaning of 28 U.S.C. § 1332(d)(B).

### B. Membership in the putative class is at least 100.

Plaintiff alleges:

> The proposed Classes are so numerous that the individual joinder of the Class Members in one action is impracticable. The exact number and the identities of the Members of the Classes are unknown at this time and can only be ascertained through appropriate investigation and discovery.

*See* Complaint ¶ 26. Although VW Credit disputes that a four year statute of limitations applies to Plaintiff's claims, Plaintiff seeks to represent a putative classes of persons who entered into the described contracts within four (4) years of the date Plaintiff filed the Complaint. *See* Complaint ¶ 23; *see also Stone v. James*, 142 Cal.App.2d 738 (1956) (finding one year statute of limitations applicable to claims such as those alleged by Plaintiff in this action).

US_ACTIVE-109072482.2

VW Credit denies that this action is appropriate for class treatment. Nevertheless, if this action is determined to be appropriate for class treatment, the number of proposed class members exceeds 100. Since February 29, 2008, more than 29,505 Retail Installment Sales Contracts originating in California have been assigned to VW Credit where Line 2a or 2b of the contract setting forth registration, transfer, and titling fees had an entry of "0", "N/A", or "INCL.", or "included" ("Alleged Class Contracts"). *See* Declaration of Hans Bremer in Support of Removal ("Bremer Decl."); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (court may consider "summary judgment-type evidence" in support of removal.) Approximately 735 such Alleged Class Contracts have been assigned to VW Credit from Pacific since February 29, 2008. *See* Bremer Decl.

## C.   The required minimal diversity of citizenship exists.

28 U.S.C. § 1331(d)(2)(A) requires "any member of a class of plaintiffs is a citizen of a State different from any defendant." Here, Plaintiff is a citizen of the State of California and Defendant VW Credit is a citizen of the states of Delaware and Virginia.

### (i)   Plaintiff is a citizen of the State of California.

Plaintiff is a citizen of the State of California. Plaintiff alleges that Plaintiff "at all times material, resided in the City of San Diego, County of San Diego, State of California" *See* Complaint ¶ 12. The place of residence is *prima facie* evidence of citizenship. *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

### (ii)   Defendant VW Credit is a citizen of the States of Delaware and Virginia.

Defendant VW Credit is a Delaware corporation and has its principal place of

US_ACTIVE-109072482.2

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  business in Virginia.  *See* Bremer Decl.; *see also* Complaint ¶ 14.  Under 28 U.S.C. §

2  1332(c)(1), "[a] corporation shall be deemed to be a citizen of any State by which it

3  has been incorporated and of the State where it has its principal place of business. . ."

4  Accordingly, VW Credit is a citizen of the states of Delaware and Virginia.

6  **(iii)    The other defendants do not defeat minimal diversity.**

7      VW Credit informed and believes that defendant Pacific is a citizen of the State

8  of California.  *See* Complaint ¶ 10.  Under CAFA only minimal diversity – that any

9  member of the plaintiff class is a citizen of a state different from any defendant – is

10  required.  28 U.S.C. § 1332(d)(2).  Here, minimal diversity exists because Plaintiff is

11  a citizen of the State of California and VW Credit is a citizen of the States of

12  Delaware and Virginia.  VW Credit informed and believes that defendant VW Group

13  is a citizen of the State of New Jersey.  *See* Complaint ¶ 15.  Under CAFA a

14  minimally diverse class action can be removed "by any defendant without the consent

15  of all defendants."  28 U.S.C. § 1453(b).

17  **(iv)    None of the "home state" or "local controversy" exceptions**

18  **described in 28 U.S.C. §§ 1332(d)(3)-(4) are applicable in this action.**

19      A district court may decline to exercise jurisdiction under CAFA in the case of

20  certain "home state" or "local controversy" exceptions.  Under 28 U.S.C. §

21  1332(d)(3), a district court may, looking at the totality of the circumstances and in the

22  interests of justice, decline to exercise jurisdiction in certain instances where more

23  than one-third but less than two-thirds of the members of all proposed plaintiff classes

24  in the aggregate and the primary defendants are citizens of the State in which the

25  action was originally filed.

27      Under 28 U.S.C. § 1332(d)(4), a district court shall decline to exercise

28  jurisdiction when, in addition to other requirements being met:

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 6 –

(A)(i)(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least one defendant is a defendant –

    (aa)   from whom significant relief is sought by members of the plaintiff     class,

    (bb)   whose alleged conduct forms a significant basis for the claims asserted    by the proposed plaintiff class; and

      (cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed.

\*\*\*

or

(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4)(A)-(B).

Neither exception applies here.

Two-thirds or more of the proposed plaintiff class are California residents.  *See* Complaint ¶ 23 (defining class as individuals who purchased vehicles registered in California).

Although Pacific is a California citizen, it is not a defendant from whom "significant" relief is sought or a "primary" defendant.  Pacific is not named as a defendant in Plaintiff's proposed Class 2 claims against VW Credit.  *See* Complaint at 23:2-4, 25:5-9, 26:11-14.  Accordingly, it is neither a primary defendant for these claims nor a defendant from whom significant relief is sought.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

US_ACTIVE-109072482.2

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 AND
THE CLASS ACTION FAIRNESS ACT

To the extent Plaintiff seeks to name VW Credit as a defendant in its proposed Class 1 claims or SubClass against Pacific, Plaintiff's artful pleading cannot be used as a basis to defeat jurisdiction.  First, as it relates to VW Credit, the proposed Class 1 and proposed Class 2 claims overlap.  Of the more than 29,505 Alleged Class Contracts, only 735, or approximately 2.5%, have been assigned to VW Credit from Pacific.  *See* Bremer Decl.; *see Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144 (N.J. 2009) (local exceptions do not defeat jurisdiction unless local defendant's alleged conduct is a significant part of all defendants' conduct and a basis for a significant number or percentage of claims).  The 2.5% of contracts assigned to VW Credit from Pacific fall into both classes and Plaintiff cannot bring overlapping classes or seek duplicative recovery.  Moreover, Plaintiff cannot artificially create two classes to defeat jurisdiction.  *See Freeman v. Blue Ridge Paper Products, Inc.*, 551 F.3d 405 (6th Cir. 2008) (holding Plaintiff may not artificially split claims just to lower amount in controversy and defeat CAFA jurisdiction).[1]

### D.  The aggregate amount in controversy exceeds $5,000,000.

This action satisfies the requirement of 28 U.S.C. § 1332(d)(2) in that the aggregate amount in controversy exceeds the sum or value of $5,000,000.  *See also* 28 U.S.C. § 1332(d)(6) ("the claims of individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000.")

---

[1] On the same date as the Complaint at issue in this action was served on VW Credit, Plaintiff's counsel served another complaint on VW Credit, *Jamie Debonis v. Pioneer Centres Miramar, Inc. d/b/a Miramar Audi and VW Credit, Inc.*, Superior Court for the State of California, County of San Diego, Case Number 37-2012-00093136-CU-MT-CTL.  In the *Debonis* case, plaintiff Jamie Debonis, represented by the same counsel as Plaintiff in this action, purports to also represent the same putative class as Class 2 in this action.  The contract entered into by Jamie Debonis included an arbitration clause and class action waiver.

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 AND
THE CLASS ACTION FAIRNESS ACT

US_ACTIVE-109072482.2

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

VW Credit denies Plaintiff's allegations and denies that it has any liability to Plaintiff or the purported class. Nevertheless, as alleged, there are 29,505 Alleged Class Contracts at issue in this case. *See* Bremer Decl. Plaintiff seeks declaratory, equitable and injunctive relief; general, special and actual damages and recession and/or restitution. Plaintiff also seeks "statutory remedies pursuant to [California] Civil Code Section 2983 and 2983.1." *See* Complaint ¶ 97. Among the remedies which may be awarded under California Civil Code Sections 2983, if certain statutory requirements for the remedies are met, "the buyer may recover ... the total amount paid pursuant to the terms of the contract." Cal. Civ. Code. § 2983. In certain cases, Section 2983.1 authorizes the buyer to rescind the contract, with the value of the motor vehicle returned credited without any decrease that results for the passage of time, and, in some cases a buyer may recover three times the amount of finance charges paid. *See* Cal. Civ. Code § 2983.1. VW Credit denies that VW Credit is liable to Plaintiff or the proposed class for any reason whatsoever, and denies that any of these remedies are available to Plaintiff or the proposed class. However, although VW Credit denies the allegations in Plaintiff's Complaint, denies that there is any basis for any liability on the part of VW Credit, and denies that the claims alleged in Plaintiff's Complaint are appropriate for class treatment, the amount in controversy in this matter exceeds $5,000,000.00. Plaintiff's Contract financed the amount of $30,178.47. *See* Complaint ¶ 49, Ex. 1. Plaintiff alleges she had made payments under the Contract. *See* Complaint ¶ 113. Given that there are 29,505 contracts at issue, the $5,000,000 threshold would be met with as little as an average of $170 paid under each contract. As evidenced by Plaintiff's Contract, the amount financed under an Alleged Class Contract exceeds that amount, and the $5,000,000 amount in controversy is met under these facts.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

US_ACTIVE-109072482.2

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 AND
THE CLASS ACTION FAIRNESS ACT

1

**ALL PAPERS, PLEADINGS AND ORDERS SERVED UPON DEFENDANT**
**ARE ATTACHED AND A NOTICE OF REMOVAL**

2

**IS BEING FILED WITH THE STATE COURT**

3       Attached hereto as Exhibit A is a true and correct copy of the Complaint, served

4   on or after March 7, 2012, and other documents served on VW Credit therewith, in

5   this civil action in the Superior Court.

6

7       A Notice to Adverse Parties of Removal to Federal Court is being filed with the

8   Superior Court for the State of California, County of Los Angeles, and being served

9   on Plaintiff.

10

11       DATED:  April 6, 2012.

12                              REED SMITH LLP

13

14                              By

15                                 David C. Powell
                                   Heather B. Hoesterey

16                                 Carolee A. Hoover
                                   Attorneys for Defendant VW Credit, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

US_ACTIVE-109072482.2

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 AND
THE CLASS ACTION FAIRNESS ACT

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
03/07/2012
CT Log Number 520104278

**TO:**   ROBERT CAMERON
Volkswagen Group of America, Inc.
PRODUCT LIAISON OFFICE, One Executive Drive, Suite LL50
Fort Lee, NJ 07024

**RE:**   **Process Served in California**

**FOR:**   VW Credit, Inc. (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Suzanne Bell, etc., Pltf. vs. South Bay Motors, LLC, etc., et al. including VW Credit, Inc., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Instructions, Cover Sheet, Addendum, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Central District, CA<br>Case # BC479958 |
| **NATURE OF ACTION:** | Product Liability Litigation - Breach of Warranty - Class Action - Violation of Consumer Legal Remedies Act - Dft. made false and overstated, thereby misstating the obligation and amount of license fees due by Pltf. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/07/2012 at 17:36 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Christopher P. Barry<br>Rosner & Mansfield, LLP<br>10085 Carroll Canyon Road<br>Suite 100<br>San Diego, CA 92131<br>858 348 1150 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Standard Overnight , 793316055971<br>Image SOP<br>Email Notification, ROBERT CAMERON robert.cameron@vw.com<br>Email Notification, Elizabeth Correllus elizabeth.correllus@vw.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

3-7-12
2:50pm

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SOUTH BAY MOTORS, LLC, a California limited liability company,
d.b.a. PACIFIC VOLKSWAGEN; [SEE ATTACHMENT]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SUZANNE BELL, individually and on behalf of all others similarly
situated

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 28 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Rugena Juliano

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES SUPERIOR COURT - STANLEY MOSK<br>111 North Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC479955 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher P. Barry                                              (858)348-1005
Rosner, Barry & Babbitt, LLP
10085 Carroll Canyon Rd., Ste. 100, San Diego, CA 92131

| DATE:<br>*(Fecha)* FEB 29 2012 | JOHN A. CLARKE, CLERK Clerk, by<br>*(Secretario)* Rugena Juliano | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* V W Credit Inc. - a Delaware Corporation

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Bell, Suzanne v. Pacific Volkswagen | |

### INSTRUCTIONS FOR USE

This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons. If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

VW CREDIT, INC., a Delaware Corporation;
VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey Corporation;
and DOES 1 through 10, inclusive,

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>Christopher P. Barry, 179308<br>Rosner, Barry & Babbitt, LLP<br>10085 Carroll Canyon Rd., Ste. 100, San Diego, CA 92131<br>TELEPHONE NO.: (858)348-1005    FAX NO.: (858)348-1150<br>ATTORNEY FOR (Name): Suzanne Bell | **FOR COURT USE ONLY**<br><br>**CONFORMED COPY**<br>**ORIGINAL FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>FEB 29 2012<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____, Deputy<br>Eugene Iuliano |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Bell, Suzanne v. Pacific Volkswagen

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER:<br>BC479956 |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [X] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence    f. [X] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary  b.[X] nonmonetary; declaratory or injunctive relief  c.[X] punitive
4. Number of causes of action (specify): Eight (8)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 28, 2012

Christopher P. Barry
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**    COPY

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Bell, Suzanne v. Pacific Volkswagen | **BC479956** |

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 29 2012

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Rayena Juliano

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☒ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7 ___ ☐ HOURS/ ☒ DAYS

Item II. Select the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Bell, Suzanne v. Pacific Volkswagen | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☒ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Bell, Suzanne v. Pacific Volkswagen | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐  A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐  A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐  A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐  A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐  A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐  A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐  A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐  A6141  Sister State Judgment | 2., 9. |
| | | ☐  A6160  Abstract of Judgment | 2., 6. |
| | | ☐  A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐  A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐  A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐  A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐  A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐  A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐  A6121  Civil Harassment | 2., 3., 9. |
| | | ☐  A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐  A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐  A6190  Election Contest | 2. |
| | | ☐  A6110  Petition for Change of Name | 2., 7. |
| | | ☐  A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐  A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Bell, Suzanne v. Pacific Volkswagen | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | | ADDRESS: 14900 Hindry Avenue |
|---|---|---|
| ☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| Hawthorne | CA | 90250 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court [Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)].

Dated: February 28, 2012

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 (Rev. 01/07).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

1   ROSNER, BARRY & BABBITT, LLP
    Christopher P. Barry, SBN: 179308
2   Angela J. Smith, SBN: 216876
    10085 Carroll Canyon Road, Suite 100
3   San Diego, California 92131
    TEL: (858) 348-1005 / FAX: (858) 348-1150
4
    ROMANO STANCROFF & MIKHOV, PC
5   Steve Mikhov, SBN: 224676
    640 S. San Vicente, Suite 350
6   Los Angeles, California 90048
    TEL:  (323) 936-2274 / FAX: (323) 939-7973
7
    Attorneys for Plaintiff
8

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 29 2012

John A. Clarke, Executive Officer/Clerk
BY _____ , Deputy
Rayena Milano

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10            IN AND FOR THE COUNTY OF LOS ANGELES

11  SUZANNE BELL, individually and        CASE NO.    BC479953
    on behalf of all others similarly
12  situated,                             CLASS ACTION

13              Plaintiff,                COMPLAINT FOR INJUNCTIVE
                                          RELIEF, RESTITUTION, AND
14      v.                                DAMAGES:

15  SOUTH BAY MOTORS, LLC, a              1.  VIOLATION OF THE CONSUMERS
    California limited liability company,     LEGAL REMEDIES ACT – CLASS 1
16  d.b.a PACIFIC VOLKSWAGEN;                 CLAIM;
    VW CREDIT, INC., a Delaware          2.  VIOLATION OF THE AUTOMOBILE
17  Corporation;                             SALES FINANCE ACT – INDIVIDUAL
    VOLKSWAGEN GROUP OF                      AND CLASS 1 CLAIM;
18  AMERICA, INC., a New Jersey          3.  UNLAWFUL, UNFAIR, FRAUDULENT
    Corporation;                             BUSINESS ACTS & PRACTICES – CLASS
19  and DOES 1 through 10, inclusive,        1 CLAIM;
                                         4.  VIOLATION OF THE CONSUMERS
20              Defendants.                   LEGAL REMEDIES ACT – CLASS 2
                                             CLAIM;
21                                       5.  VIOLATION OF THE AUTOMOBILE
                                             SALES FINANCE ACT – CLASS 2 CLAIM;
22                                       6.  UNLAWFUL, UNFAIR, FRAUDULENT
                                             BUSINESS ACTS & PRACTICES – CLASS
23                                           2 CLAIM;
                                         7.  UNLAWFUL, UNFAIR, FRAUDULENT
24                                           BUSINESS ACTS & PRACTICES –
                                             INDIVIDUAL CLAIM; AND
25                                       8.  VIOLATION OF THE SONG-BEVERLY
                                             CONSUMER WARRANTY ACT –
26                                           INDIVIDUAL CLAIM.
27
28

COPY

COMPLAINT

1      Plaintiff SUZANNE BELL, individually as to all causes of action, and on behalf

2    of all others similarly-situated as to the First through Sixth Causes of Action, alleges

3    as follows on information and belief, formed after an inquiry reasonable under the

4    circumstances:

5                            **INTRODUCTION**

6        1.     Defendant South Bay Motors, LLC, doing business as Pacific Volkswagen

7    ("Pacific") is an automobile dealership in Hawthorne, California, that engages in a

8    series of unlawful and deceptive business practices.  These business practices are

9    engaged in for one purpose – to sell vehicles to customers and earn extra profits.  In

10   this action Plaintiff seeks to end these unlawful and deceptive practices and provide

11   remedies for other affected consumers. The unlawful and deceptive practices engaged

12   in by Pacific for which Plaintiff seeks class-wide redress relate to Pacific's systematic

13   violations of California's financial disclosure laws.

14       2.     In every vehicle sale in California, dealerships – such as Pacific – submit

15   various fees to the California Department of Motor Vehicles ("DMV") on behalf of their

16   customers. Dealerships are legally required, under the Automobile Sales Finance Act

17   (Civil Code Section 2981 *et seq.*) ("ASFA"), to disclose fees paid to public officials,

18   including the DMV, on customers' Retail Installment Sale Contracts ("RISC").  For

19   example, dealerships must disclose license fees paid to the DMV on Line 2.A. and

20   "registration, transfer, and titling fees" paid to the DMV on Line 2.B. of the RISC.

21       3.     Moreover, in new vehicle sales to California residents, vehicle purchasers

22   will *always* be charged registration and titling fees.  (Vehicle Code Section 9250 *et*

23   *seq.*)  In used vehicle sales, purchasers will *always* have to pay a transfer fee to the

24   DMV to transfer registration from the prior owner. (Vehicle Code Section 9255.) Thus,

25   one or more of these fees will be due in *every* vehicle sale in California to California

26   residents.

27       4.     However, Plaintiff is but one of many customers who, during the past four

28   years, purchased a vehicle from Pacific and who entered into a RISC prepared by

1  Pacific that failed to itemize and disclose registration, transfer, and/or titling fees.

2  Regarding new and used vehicles alike, Pacific misstated the amount of license,

3  registration, transfer, and titling fees due and owing to the DMV.

4      5.    Pacific also committed various other violations of law during the course

5  of Plaintiff's individual transaction, including failing to provide Plaintiff with a copy

6  of her signed credit application, and failing to provide Plaintiff with legally required

7  disclosures regarding her credit score.

8      6.    Defendants Pacific and Volkswagen Group of America, Inc. ("VGA")

9  provided express and implied warranties that accompanied the sale of the vehicle to

10  Plaintiff by which Defendants undertook to preserve or maintain the utility or

11  performance of Plaintiff's vehicle or provide compensation if there was a failure in such

12  utility or performance.

13      7.    The vehicle was delivered to Plaintiff with serious defects and

14  nonconformities to warranty and developed other serious defects and nonconformities

15  to warranty including, but not limited to, a defective battery, defects in the fuel system,

16  instrument cluster warning lights that flash intermittently, a noisy front window,

17  illuminated tire warning lights, and an engine that stalls, with little or no warning,

18  while it is being driven.  These defects substantially impair the use, value, and/or

19  safety of the Vehicle. Defendants failed to repair the defects after a reasonable number

20  of repair attempts. As such, Defendants are in breach of the express and implied

21  warranties that accompanied the sale of the vehicle to Plaintiff.

22      8.    The conduct herein described violates, *inter alia*, the Automobile Sales

23  Finance Act ("ASFA") (Civil Code § 2981, *et seq.*), the Consumers Legal Remedies Act

24  ("CLRA") (Civil Code § 1750, *et seq.*), the Unfair Competition Law ("UCL") (Bus. &

25  Prof. Code § 17200, *et seq.*), the California Vehicle Code, and the Song-Beverly

26  Consumer Warranty Act ("SBA") (Civil Code § 1790, *et seq.*).

27  / / /

28  / / /

## JURISDICTION AND VENUE

9.   This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, Section 10, because this case is a cause not given by statute to other trial courts.

10.   This Court has jurisdiction over Defendants because each are individuals, associations, or corporations that are either authorized to conduct or, in fact, do conduct substantial business in the State of California, County of Los Angeles.

11.   Venue is proper in this County pursuant to Code of Civil Procedure Section 395(b) because the acts upon which this action is based occurred in this County. The contracts for products and services at issue in this case were entered into in this County and communications from Defendants were received in this County. Thereby, Plaintiff and Class members were injured and/or subjected to irreparable harm in this venue. Defendants received substantial compensation and profits from its products and services in this County, caused misrepresentations to be disseminated, entered into agreements and transactions, and breached agreements in this County. Thus, Defendants' liability arose primarily in this County.

## PARTIES

12.   Plaintiff Suzanne Bell is an individual who, at all times material, resided in the City of Redondo Beach, County of Los Angeles, State of California.

13.   Defendant South Bay Motors, LLC, doing business as Pacific Volkswagen ("Pacific"), a California limited liability company, is a new and used car dealership conducting business in the City of Hawthorne, County of Los Angeles, State of California.

14.   Defendant VW Credit, Inc. ("VW Credit"), a Delaware Corporation, is and was, at all times material, doing business in the County of Los Angeles, State of California.

/ / /

/ / /

1    15.    Defendant Volkswagen Group of America, Inc. ("VGA"), a New Jersey
2   Corporation, is and was, at all times material, doing business in the County of Los
3   Angeles, State of California.

4    16.    Plaintiff does not know the true names and capacities, whether
5   corporate, partnership, associate, individual, or otherwise of Defendants sued
6   herein as Does 1 through 10, inclusive, under the provisions of Section 474 of the
7   California Code of Civil Procedure. Defendants Does 1 through 10, inclusive, are in
8   some manner responsible for the acts, occurrences, and transactions set forth herein,
9   and are legally liable to Plaintiff and the classes. Plaintiff will set forth the true
10   names and capacities of the fictitiously-named Defendants together with appropriate
11   charging allegations when ascertained.

12    17.    When reference in this complaint is made to any act or omission of a
13   defendant corporation, company, association, business entity, or partnership, such
14   allegation shall be deemed to mean that the Defendant and its owners, officers,
15   directors, agents, employees, or representatives did or authorized such act or omission
16   while engaged in the management, direction, or control of the affairs of Defendants and
17   while acting within the scope and course of their duties.

18    18.    When reference in this complaint is made to any act or omission of any
19   individual Defendant, such allegation shall be deemed to mean that the Defendant is
20   and was acting (a) as a principal, (b) under express or implied agency, and/or (c) with
21   actual or ostensible authority to perform the acts alleged on behalf of every other
22   named Defendant.

23    19.    At all relevant times, each Defendant knew or realized that the other
24   Defendants were engaging in, or planned to engage in, the violations of law alleged in
25   this complaint. Knowing or realizing that other Defendants were engaging in such
26   unlawful conduct, each Defendant nevertheless facilitated the commission of those
27   unlawful acts. Each Defendant intended to, and did, encourage, facilitate, or assist in

28

1 the commission of the unlawful acts, and thereby aided and abetted the other
2 Defendants in the unlawful conduct.

3     20.    An officer, director, or managing agent of each Defendant ratified the
4 wrongful conduct of each other, its agents and/or employees, accepted the benefits of
5 their wrongful conduct, and failed to repudiate the misconduct.

6     21.    Each Defendant, whether actually or fictitiously-named herein, was the
7 principal, agent (actual or ostensible), or employees of each other Defendant and in
8 acting as such principal or within the course and scope of such employment or agency,
9 took some part in the acts and omissions hereinafter set forth by reason of which each
10 Defendant is liable to Plaintiff and the classes for the relief prayed for herein.

11 <u>CLASS ALLEGATIONS</u>

12     22.    This action is brought, and may properly be maintained, as a class action
13 pursuant to the provisions of California Code of Civil Procedure Section 382 and/or
14 Civil Code Section 1781(a).

15     23.    Plaintiff brings this action on behalf of herself and all others similarly-
16 situated as a representative member of the following proposed class:

17     (a)    "CLASS 1:" All persons who, in the four years prior to the filing of
18     this complaint, (1) purchased a vehicle from Pacific for personal
19     use to be registered in the State of California, and (2) signed a
20     conditional sale contract that failed to separately disclose the
21     amounts paid for license fees and/or the amounts paid for
22     registration, transfer, and/or titling fees.

23 Plaintiff proposes a Subclass of Class 1 consisting of all persons for whom VW Credit
24 is the holder and/or assignee of their RISC.

25     (b)    "CLASS 2:" All persons who, in the four years prior to the filing
26     of this complaint, (1) purchased a vehicle in California for personal
27     use to be registered in the State of California, (2) signed a
28     conditional sale contract that failed to separately disclose the

1   amounts paid for registration/transfer/titling fees, (3) whose

2   contract on the face disclosed registration, transfer, and titling fees

3   as either "N/A," "$0," or "INCL." instead of setting forth a dollar

4   value, and (4) whose contract was assigned to VW Credit.

5   24.   In this lawsuit, Plaintiff and the Classes seek both equitable relief,

6   including declaratory, injunctive, restitutionary, and other equitable monetary relief

7   and economic and statutory damages as set forth more fully below, including, but not

8   limited to, full restitution and/or rescission of any RISC entered into by any Class

9   Member.

10   25.   Specifically excluded from the proposed Classes are the Court and its

11   staff, Defendants, any entity in which any of the Defendants has a controlling interest,

12   and the officers, directors, affiliates, legal representatives, heirs, successors,

13   subsidiaries, and/or assigns of any such individual or entity.

14   **A.   NUMEROSITY OF THE CLASSES**

15   26.   The proposed Classes are so numerous that the individual joinder of the

16   Class Members in one action is impracticable.  The exact number and the identities of

17   the Members of the Classes are unknown at this time and can only be ascertained

18   through appropriate investigation and discovery.

19   **B.   EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS**

20   **OF LAW AND FACT**

21   27.   Common questions of law and fact arising out of the claims here at issue

22   exist as to all members of the Classes and predominate over any individual issue.

23   These common legal and factual questions include, but are not limited to, the following:

24   a.   whether Pacific and/or VW Credit violated this state's consumer

25   protection statutes;

26   b.   whether Pacific's failure to separately itemize and disclose license fees

27   from registration/transfer/titling fees on customers' RISCs and VW

28

1       Credit's acceptance of and failure to require RISCs containing proper

2       itemizations constitutes a violation of the ASFA, CLRA, and/or the UCL;

3   c.  the amount of revenues and profits Pacific and VW Credit received,

4       and/or the amount of monies or other obligations imposed on, or lost by,

5       Class Members as a result of such wrongdoing;

6   d.  whether Class Members are threatened with irreparable harm and are

7       entitled to injunctive and other equitable relief and, if so, what is the

8       nature of such relief; and

9   e.  whether Class Members are entitled to rescission, payment of actual,

10      incidental, consequential, exemplary, punitive, and/or statutory damages

11      plus interest thereon, and, if so, what is the nature of such relief.

12  **C.   TYPICALITY OF CLAIMS**

13      28.    Plaintiff's claims are typical of the claims of members of the Classes.

14      29.    Pacific, either negligently or intentionally, failed to separately itemize and

15  disclose registration, transfer, and/or titling fees paid by Plaintiff and Class 1 Members

16  on Line 2.B. of the Itemization of the Amount Financed section on their RISCs. In fact,

17  Plaintiff's and Class 1 Members' RISCs failed to list any amount for

18  registration/transfer/titling fees on Line 2.B. Rather, those RISCs contained the

19  notation "N/A" on Line 2.B. In Plaintiff's case, there was a particular amount due to

20  the DMV for registration fees for the vehicle, which amount should have been disclosed

21  on Line 2.B. rather than a notation that such fees were "N/A." The notation "N/A,"

22  which presumably is short for "not applicable," does not inform the customer the

23  amount of the registration, transfer, and titling fees due. Since vehicle sales always

24  involve registration, transfer, and/or titling fees, Plaintiff's and Class 1 Members'

25  RISCs falsely state those fees are "not applicable."

26      30.    The RISCs entered into by Plaintiff and the Class 2 Members were all

27  assigned to VW Credit and failed to itemize on their face the

28  registration/transfer/titling fees due in the transaction.

31.     Accordingly, Plaintiff and all members of the Classes had their legal rights infringed upon, sustained injuries, losses, and damages as described herein, and/or are facing irreparable harm arising out of Pacific and VW Credit's common course of conduct. The right of Plaintiff and each member of the Classes to payment of any actual, incidental, consequential, exemplary, and/or statutory damages or restitution resulting therefrom were proximately caused by Defendants' wrongful conduct, in violation of state law as alleged herein.

D.     **ADEQUATE REPRESENTATION**

32.     Plaintiff will fairly and adequately protect the interests of the members of the Classes in that she does not have irreconcilable conflicts with or interests materially antagonistic to those of other Class Members.

33.     Plaintiff retained attorneys experienced in the prosecution of class actions, including consumer class actions.

E.     **SUPERIORITY AND SUBSTANTIAL BENEFITS OF CLASS LITIGATION**

34.     To the extent it is an element for establishing class certification for certain causes of action, a class action is superior to other available methods for the fair and efficient group-wide adjudication of this controversy and, as applicable, possesses substantial benefits.   Individual joinder of all Class Members is impracticable, and no other group method of adjudication of all claims asserted herein is more efficient and manageable while at the same time provides all the remedies available to ensure the full purpose of this State's consumer protection laws are effectuated. Furthermore, as the damages suffered by each individual Class Member may be relatively small and the relief sought discrete, the expense and burden of individual Class Members to redress the wrongs done to them, and the cost to the court system of adjudicating such litigation on an individual basis, would be substantial. To counsel's knowledge there has not been any substantial litigation concerning this controversy commenced against the parties. It is not anticipated that there will be any

8

1  difficulties in the management of this litigation due to the focus of the wrongdoing on
2  Pacific's and VW Credit's conduct and their knowledge of the true facts. Individualized
3  litigation would also present the potential for varying, inconsistent, or contradictory
4  judgments and would magnify the delay and expenses of all parties and the court
5  system resulting from multiple trials asserting the same factual issues. The conduct
6  of this action as a class action presents fewer management difficulties, conserves the
7  resources of the parties and the court system, and protects the rights of each Class
8  Member as compared to other methods for the group-wide adjudication of this
9  controversy. Thus, the Classes and the court system achieve substantial benefits by
10 the prosecution of this action on a class-wide basis by avoiding the burden of multiple
11 litigation involving identical claims, as well as by aiding legitimate business
12 enterprises in curtailing illegitimate competition and ensuring a therapeutic effect on
13 those companies such as Pacific and VW Credit that indulge in fraudulent practices.

14      35.    Notice of the pendency of any resolution of this action can be provided to
15 the Class Members by publication and/or individual mailed notice, as appropriate
16 under California law, and the costs of such notice are properly imposed on Pacific
17 and/or VW Credit.

18      36.    This action should be certified to proceed on a class-wide basis because:
19 a.     the prosecution of separate actions by the individual Class Members
20        would create a risk of inconsistent or varying adjudications with respect
21        to individual Class Members, thus establishing incompatible standards
22        of conduct for Pacific and/or VW Credit;
23 b.     due to the nature of the relief sought, the prosecution of separate actions
24        by individual Class Members would create a risk of adjudication with
25        respect to them that would, as a practical matter, be dispositive of the
26        interests of the other Class Members not parties to such adjudications or
27        could substantially impair or impede the ability of such Class Members
28        to protect their interests; and

9

COMPLAINT

1      c.    Pacific and VW Credit act or refuse to act in respects generally applicable

2             to the Classes, thereby making appropriate final injunctive relief with

3             regard to the Class Members as a whole in terms of the equitable relief

4             sought.

5              **SUMMARY OF FACTS COMMON TO CLASS 1**

6      37.    During the Class period, Pacific failed to disclose on RISCs any amounts

7  due and owing to the California DMV for registration, transfer, and/or titling fees.

8  Rather than separately itemize the registration, transfer, and/or titling fees on Line

9  2.B. of the Itemization of the Amount Financed Section on its customers' RISCs, Pacific

10  used the notation "N/A" or "not applicable." Thus, each Class 1 Member has a RISC

11  that falsely states registration, transfer, and/or titling fees were "not applicable" to

12  their purchase since registration, transfer, and/or titling fees are due in every

13  applicable vehicle sale.

14      38.    Each Member of Class 1 purchased a vehicle from Pacific for personal use

15  to register in the State of California. Each Class 1 Member executed a RISC with

16  Pacific. Each Class 1 Member's RISC failed to separately itemize and disclose the

17  registration/transfer/titling fees on Line 2.B., as required by California law. Rather,

18  each Class 2 Member's RISC contains the false notation of "N/A" or "not applicable" on

19  Line 2.B. of the RISC.

20      39.    Each member of the Subclass had their RISC assigned by Pacific to VW

21  Credit, or had their RISC acquired by VW Credit such that VW Credit is the holder

22  and/or assignee of their RISC.

23             **SUMMARY OF FACTS COMMON TO CLASS 2**

24      40.    During the Class period, it was VW Credit's practice to accept assignment

25  of RISCs for vehicle purchases in California where the amount due and owing to the

26  California DMV for registration/transfer/titling fees were not separately disclosed on

27  the RISC. Rather than only accept assignment of RISCs that properly and separately

28  itemize the registration/transfer/titling fees on Line 2.B. of the Itemization of the

1    Amount Financed section on the RISCs, VW Credit accepted assignment of RISCs that

2    failed to separately disclose the registration/transfer/titling fees on the RISC. The

3    RISCs VW Credit accepted assignment of fail to contain all disclosures required under

4    California law.

5         41.   Each Member of Class 2 purchased a vehicle in California for personal use

6    to be registered in the State of California. Each Class 2 Member executed a RISC that

7    was assigned to VW Credit. Each Class 2 Member's RISC failed to separately itemize

8    and disclose the registration/transfer/titling fees on Line 2.B., as required by law.

9                        **SUMMARY OF FACTS RELATIVE TO**

10                       **PLAINTIFF'S INDIVIDUAL PURCHASE**

11        42.   In August 2009, Mrs. Bell was looking to purchase a new vehicle that got

12   better gas mileage then her Toyota Highlander. Mrs. Bell had seen the Volkswagen

13   Jetta "CC" models and liked the way they looked and wanted to explore the possible

14   purchase of one of these vehicles. Accordingly, on or about August 29, 2009, Mrs. Bell

15   and her husband went to Pacific's dealership in Hawthorne, California.

16        43.   Once on Pacific's lot, the Bells were approached by a salesman named

17   Christopher Estrada. Mrs. Bell told Mr. Estrada that she was interested in the Jetta

18   CC vehicles. However, after looking at a Jetta CC that Pacific had on its lot, the Bells

19   decided that the CC vehicle was too small in the back to accommodate their children

20   and their car seats. The Bells told Mr. Estrada the CC was too small and asked what

21   else Pacific had that got good mileage. Mr. Estrada proceeded to show the Bells a 2010

22   Volkswagen Jetta TDI (VIN: 3VWRL7AJ8AM014741) (the "Vehicle"), which was right

23   behind the CC model the Bells had been looking at. Mr. Estrada told the Bells the

24   Jetta TDI was a diesel vehicle and therefore got better gas mileage than the other

25   Jetta models.

26        44.   Because the Bells did not realize the Jetta vehicles came as diesel vehicles

27   and were unsure of what to expect from the Jetta diesel, the Bells conducted a quick

28   search of the Internet on their telephone for reviews of the Jetta TDI, paying particular

attention to concerns about noise and mileage. Satisfied with what they read, the Bells called Mr. Estrada back over and they proceeded to take the Vehicle for a test drive.

45.     Once back at Pacific's lot, the Bells told Mr. Estrada they were interested in discussing their possible purchase of the Vehicle. As such, Mr. Estrada took the Bells into Pacific's dealership, where he sat them down at a desk in the lobby. Mr. Estrada then proceeded to ask Mrs. Bell for information for her credit application, which Mr. Estrada filled out on the computer. Mrs. Bell then signed the credit application. However, contrary to California law, Pacific failed to provide Mrs. Bell with a copy of her signed credit application. Additionally, Pacific failed to provide Mrs. Bell with a copy of the legally-required disclosure regarding the credit scores obtained from various credit agencies.

46.     The Bells told Mr. Estrada they wanted to pay approximately $500 per month for the Vehicle and they did not want to put any money down towards the purchase. Mr. Estrada then left the Bells and apparently went to speak to a superior about the terms Pacific would offer the Bells for their purchase.

47..     When Mr. Estrada returned, he quoted the Bells a monthly payment of about $575. The Bells told Mr. Estrada that was too high. Mr. Estrada again left the Bells and returned with a different monthly payment that was still too high. Eventually, Mr. Estrada offered the Bells a monthly payment of approximately $550. After confirming that the $550 payment included *all* fees, taxes, etc., the Bells agreed to purchase the Vehicle.

48.     Mr. Estrada then introduced the Bells to a Pacific Finance Manager. The Finance Manager proceeded to attempt to sell the Bells a number of after-market products and/or services, including an extended warranty and GAP insurance. The Bells declined all such after-market products.

49.     Accordingly, the Pacific Finance Manager prepared all the documents for Mrs. Bell's purchase of the Vehicle, including a Retail Installment Sale Contract ("RISC"). The Finance Manager presented Mrs. Bell with the stack of purchase

1   documents, including the RISC, and simply instructed Mrs. Bell where to sign and

2   initial each document. Attached hereto as Exhibit 1 is a true and correct copy of the

3   Retail Installment Sale Contract ("RISC") executed by Pacific and Mrs. Bell on

4   August 29, 2009.

5         50.     The RISC contains a charge of $399 on Line 2A of the Itemization of the

6   Amount Financed section of the RISC, which is described as "License Fees." Moreover,

7   Line 2B, for "Registration/Transfer/Titling Fees," contains the notation "N/A," or "not

8   applicable."

9         51.     However, in every vehicle sale in California – new or used – there will

10   always been an amount that needs to be disclosed as "Registration/Transfer/Titling

11   Fees" on Line 2B of the Itemization of the Amount Financed on a customer's RISC. For

12   example, in new vehicle sales, there will *always* be registration and titling fees.

13   (Vehicle Code § 9250 *et seq.*) For used vehicle sales, there will *always* be a transfer

14   fee due to transfer registration from the prior owner to the new owner. (Vehicle Code

15   § 9255.) Thus, one of these fees will always be due.

16         52.     The Vehicle was new when sold to Mrs. Bell. As such, the sale required

17   disclosure of any applicable License Fees on Line 2A of the Itemization of the Amount

18   Financed section of the RISC and disclosure of Registration/Transfer/Titling Fees on

19   Line 2B.

20         53.     A dealership is required to correctly state and itemize the License Fees

21   due on Line 2A and the Registration/Transfer/Titling Fees due on Line 2B. In a new

22   vehicle purchase, there is *always* a registration fee to register the vehicle with the

23   State of California. This amount must be disclosed on Line 2B. Here, Mrs. Bell's RISC

24   states "N/A" on Line 2B. This is a violation of the Automobile Sales Finance Act, Civil

25   Code § 2981 *et seq.* These disclosures are mandatory and violations create strict

26   liability. (*See Thompson v. 10,000 RV Sales, Inc.* (2005) 130 Cal.App.4th 950.)

27         54.     Pacific failed to disclose the Registration/Transfer/Titling Fees on Line 2B

28   of the RISC making it impossible to determine the actual amount owed for License

Fees on Line 2A or the amount paid for registration, transfer, and titling fees. Instead, the RISC states an amount of $399 on Line 2A and the notation "N/A" – or "not applicable" – on Line 2B. Thus, to the extent the Registration/Transfer/Titling fees were included on another line, such as the License Fees line, the license fee disclosure is inaccurate as well and overstated, which constitutes a violation of the Automobile Sales Finance Act, Civil Code § 2981 *et seq.*

55.  Furthermore, a vehicle purchaser is entitled to a refund for any overpayment of License Fees. By failing to separately disclose the License Fees or the Registration, Transfer, and Titling Fees, a consumer, such as Mrs. Bell, does not know the true amount of the License Fees, and, therefore, does not know if she is entitled to a refund of any overcharge.

56.  Mrs. Bell believes the true license fees were less than the $399 in fees disclosed by Pacific on her RISC, that she was entitled to a refund of the difference between the amount paid and the amount disclosed, and, given that she did not receive a refund, that Pacific has a pattern and practice of failing to make such refunds.

57.  At some point after August 29, 2009, Pacific assigned Mrs. Bell's RISC to VW Credit. The improper disclosure of the registration, transfer, and titling fees appears on the face of the RISC.

58.  Pacific did not correct the willful violation of the ASFA appearing on the face of Mrs. Bell's and the Class 1 Members' RISCs within 30 days of execution of the contracts.

59.  VW Credit did not correct the willful violation of the ASFA appearing on the face of Mrs. Bell's, Class 1 Subclass Members', and Class 2 Members' RISCs within 20 days of the assignment of such RISCs to VW Credit.

60.  Pacific did not refund any difference between the license fee listed on the RISCs of Mrs. Bell and the members of Class 1 and the amount actually paid to the DMV for license fees.

/ / /

61.     VW Credit did not refund any difference between the license fee listed on the RISCs of Mrs. Bell, members of the Subclass of Class 1, and the members of Class 2, and the actual license fees paid to the DMV for such transactions. Mrs. Bell is informed and believes, that as the lienholder, VW Credit receives this information from the DMV.

62.     The RISC for the Vehicle, and the RISCs of Class 1 and Class 2 Members, included the following language:

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF, RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

63.     This clause in the RISC makes VW Credit contractually liable for all claims and defenses that could be raised against Pacific, with respect to the sale of the Vehicle to Mrs. Bell or any vehicle to Class 1 and Class 2 Members.

64.     Mrs. Bell has made her monthly payments to VW Credit in accordance with the terms of the RISC.

65.     The sale of the Vehicle to Mrs. Bell was accompanied by VGA's express warranties, and VGA and Pacific's implied warranty of merchantability, meaning the Vehicle: (1) would pass without objection in the trade under the contract description; (2) was fit for the ordinary purpose for which such goods are used; (3) was adequately contained, packaged, and labeled; and (4) conformed to the promises or affirmations of fact made on the container or label.

66.     Nevertheless, within weeks of purchasing the Vehicle, Mrs. Bell began experiencing problems with the Vehicle. Such defects included, but are not limited to, a defective battery, defects in the fuel system, instrument cluster warning lights that

1  flash intermittently, a noisy front window, illuminated tire warning lights, and an
2  engine that stalls, with little or no warning, while it is being driven.

3      67.    This Vehicle's engine problems have left Mrs. Bell stranded at times.
4  Additionally, the Vehicle's tendency to stall while being driven causes Mrs. Bell
5  significant stress and worry as she often has two small children with her in the
6  Vehicle. The defect in the Vehicle that is causing it to lose power and die, while being
7  driven, poses serious threats to Mrs. Bell and her family's safety.

8      68.    Because of the serious and repeated defects with the Vehicle, Mrs. Bell
9  asked VGA to repurchase or replace the Vehicle pursuant to its warranty and the Song-
10  Beverly Consumer Warranty Act. VGA denied all such requests for a repurchase of this
11  defective Vehicle or other remedy.

12      69.    California Vehicle Code Section 11614(a) provides it is unlawful for a
13  lessor-retailer licensed in this state to "Make or disseminate, or cause to be made or
14  disseminated, before the public in this state, in any newspaper or other publication, or
15  any advertising device, or by oral representation, or in any manner or  any means
16  whatsoever, any statement that is untrue or misleading and that is known, or which
17  by the exercise or reasonable care should be known, to be untrue or misleading . . . ."

18      70.    California Vehicle Code Section 11713(a) provides it is unlawful for any
19  licensed dealer to "Make or disseminate, or cause to be made or disseminated, before
20  the public in this state, in any newspaper or other publication, or any advertising
21  device, or by public outcry or proclamation, or in any manner or  any means
22  whatsoever, any statement that is untrue or misleading and that is known, or which
23  by the exercise or reasonable care should be known, to be untrue or misleading . . . ."

24      71.    Pacific is, on information and belief, a licensed dealer and lessor-retailer
25  in this state within the terms of the California Vehicle Code Sections 285 and 373.

26  / / /
27  / / /
28  / / /

1

## FIRST CAUSE OF ACTION

2    Violation of Consumers Legal Remedies Act, Civil Code Section 1750, *et*

3    *seq.* – Class 1 Claim – Injunctive Relief Only – As Against Defendants

4    Pacific, VW Credit, and Does 1-10

5        72.    Plaintiff, on her own behalf and on behalf of the Class 1 Members,

6    incorporates by reference each and every allegation set forth in Paragraphs 1 through

7    71 inclusive, of this Complaint and further alleges as follows.

8        73.    The vehicles purchased by Plaintiff and each Class 1 Member constitute

9    "goods" bought for use primarily for personal, family, or household purposes pursuant

10   to Civil Code Section 1761(a).

11       74.    Plaintiff and each Class 1 Member are "consumers" pursuant to

12   Civil Code Section 1761(d).

13       75.    Defendants Pacific, VW Credit, and Does 1-10 are "persons" pursuant to

14   Civil Code Section 1761(c).

15       76.    The advertisement and sale of the vehicles to Plaintiff and each Class 1

16   Member are "transactions" pursuant to Civil Code Section 1761(e).

17       77.    The acts and/or practices engaged in by Pacific and alleged herein were

18   intended to, and did, result in the sales of the vehicles at issue to Plaintiff and the

19   Class 1 Members primarily for personal, family, or household purposes, and violated

20   and continued to violate the CLRA in at least the following respects:

21       (a)    Pacific represented the transactions had been supplied in accordance with

22           previous representations when they had not; and

23       (b)    Pacific represented the transactions conferred or involved rights,

24           remedies, or obligations which they did not have or involve, or which were

25           prohibited by law.

26       78.    Plaintiff alleges the amounts disclosed as "license fees" on her RISC, and

27   the RISCs of the members of Class 1, were false and overstated, thereby misstating the

28   obligation and amount of license fees due by Plaintiff and the members of Class 1.

79.   Plaintiff alleges the notation "N/A" as used to disclose the amount of registration, transfer, and titling fees due is false and misleading, as registration, transfer and/or titling fees are always due in a vehicle sale, thereby misrepresenting the obligations of Plaintiff and the members of Class 1.

80.   On or about February 21, 2012, Plaintiff served Defendants via certified mail, return receipt requested, a Consumers Legal Remedies Act notification and demand letter, seeking both individual relief and relief on behalf of Class 1 identified above.

81.   Plaintiff and the Class 1 Members relied on Pacific to prepare legal and enforceable contracts as a licensed automobile dealership.  Plaintiff and Subclass Members relied on VW Credit to accept for assignment only legal and enforceable contracts as an assignee and holder of their conditional sale contracts.  Plaintiff and the Class 1 and Subclass Members suffered damages by making payments pursuant to unenforceable contracts and/or paying overstated license fees to which they are entitled to refunds.

82.   The Consumers Legal Remedies Act provides that a complaint for violation of the Act may be amended without leave of court should the violation not be remedied within thirty (30) days of notification.  Plaintiff will amend this Complaint to add a claim for damages under the Consumers Legal Remedies Act for violation of Civil Code Sections 1770(a)(14) and (16), including statutory damages of up to $1,000 per consumer and/or up to $5,000 per consumer who qualifies as a "senior citizen" under the CLRA, should the statutory thirty-day period expire without a complete cure of Defendants' violations.

83.   Section 1780(a)(2) of the Act provides that a consumer is entitled to an injunction prohibiting acts or practices which violate the Act.  Plaintiff alleges Pacific fails to properly and separately itemize, on RISCs, the registration, transfer or titling fees owing on the vehicles it sells, overstating the amount of license fees due, violating the Single Document Rule of the ASFA.

1    84.    Pacific assigned Plaintiff's and the Subclass Members' RISCs to VW

2  Credit and/or VW Credit is the holder of these RISCs.  The improper disclosure of the

3  registration/transfer/titling fees appears on the face of the RISCs.

4    85.    Pursuant to Civil Code Section 1780, Plaintiff seeks all available relief,

5  except for damages at this time, including an order enjoining Defendants from the acts,

6  methods, and/or practices as set forth in this Complaint, and attorneys' fees and costs

7  according to proof at time of trial.

8                              SECOND CAUSE OF ACTION

9    Action for Rescission of Conditional Sales Contract for the Sale of Goods

10      Pursuant to Civil Code Section 1689(b) for Violation of the Automobile

11   Sales Finance Act, Civil Code Section 2981, *et seq.* – Individual and Class 1

12       Claim – As Against Defendants Pacific, VW Credit, and Does 1-10

13    86.    Plaintiff, on her own behalf and on behalf of the Class 1 Members,

14  incorporates by reference each and every allegation set forth in Paragraphs 1 through

15  85, inclusive, of this Complaint and further alleges as follows.

16    87.    The RISCs executed by Plaintiff and each Class 1 Member for their

17  vehicles are "conditional sale contracts" pursuant to Civil Code Section 2981(a).

18    88.    Pacific and Does 1-10 are "sellers" pursuant to Civil Code Section 2981(b).

19    89.    Plaintiff and each Class 1 Member are "buyers" pursuant to Civil Code

20  Section 2981(c).

21    90.    The vehicles purchased by Plaintiff and each Class 1 Member are "motor

22  vehicles" pursuant to Civil Code Section 2981(k).

23    91.    Civil Code Section 2982(a) provides a list of the disclosures which a

24  conditional sale contract for the sale of a motor vehicle shall contain. As recently noted

25  by the Legislature, "section 2982 of the ASFA requires specification of amounts paid

26  for vehicle license, registration, title, transfer, and tire fees." (AB 238 Assembly Bill -

27  Bill Analysis.)

28  / / /

                                              19
                                          COMPLAINT

92. When Pacific disclosed, on Line 2.B. of Plaintiff's and Class 1 Members' RISCs, a notation of "N/A" as the amount paid for registration/transfer/titling fees, it violated Civil Code Section 2982(a)(2)(B) by failing to disclose the actual amount paid for those fees.

93. Plaintiff is informed and believes Pacific inflated the amount due for license fees and that the amount disclosed as license fees on her RISC and the RISCs of the Members of Class 1 were false and overstated, thereby violating Civil Code Section 2982(a)(2)(A).

94. The "Single Document Rule" in Civil Code Section 2981.9 requires all of the agreements between the buyer and seller with respect to the total cost and the terms of payment for the motor vehicle be contained in a single document. The RISCs of Plaintiff and the Class 1 Members do not show the true and correct cost of the license and registration fees due, and therefore violate the Single Document Rule because not all of the terms of cost are set forth in the RISCs. That amount can only be learned by resorting to other documents.

95. Additionally, contrary to Civil Code Section 2981.9, Pacific failed to provide Plaintiff with a copy of her credit application. This violation of the ASFA is asserted by Plaintiff individually.

96. Pacific assigned Plaintiff's and the Subclass Members' RISCs to VW Credit and/or VW Credit is the holder of these RISCs. The improper disclosure of the license fees and the registration/transfer/titling fees appears on the face of the RISCs.

97. Plaintiff and each Class 1 Member have been damaged by Pacific's violations of the ASFA. Since the violations include violations of Civil Code Sections 2981.9 and 2982(a), Plaintiff and each Class 1 Member are entitled to statutory remedies pursuant to Civil Code Sections 2983 and 2983.1. Plaintiff also seeks her attorneys' fees and costs pursuant to Civil Code Section 2983.4.

///

///

### THIRD CAUSE OF ACTION

**Commission of Unlawful and/or Unfair Business Acts and Practices, Bus. &**
**Prof. Code Section 17200, *et seq*. – Class 1 Claim – As Against Defendants**
**Pacific, VW Credit, and Does 1-10**

98.    Plaintiff, on her own behalf and on behalf of the Class 1 Members, incorporates by reference each and every allegation set forth in Paragraphs 1 through 97 inclusive, of this Complaint and further alleges as follows.

99.    Pacific's acts, omissions, misrepresentations, practices, and/or non-disclosures constituted unlawful and/or unfair business acts and/or practices within the meaning of California Business & Professions Code Sections 17200, *et seq.*

100.    Plaintiff and the Class 1 Members have suffered injury in fact and have lost money as a result of Pacific's unfair competition, including, but not limited to, their statutory damages under the ASFA caused by Pacific's acts and overpaying amounts due for license fees.

101.    Pacific engaged in "unlawful" business acts and practices by failing to properly and separately itemize, on RISCs, the registration, transfer, or titling fees owing on the vehicles it sells, overstating license fees, and failing to disclose in a single document all of the agreements as to the terms of payment for the vehicles purchased by Plaintiff and the Class 1 Members. These business policies, acts, and/or practices were intended to and did violate, *inter alia*, California Civil Code Section 1709, *et seq.*, the CLRA, and the ASFA. Accordingly, Pacific violated Business & Professions Code Section 17200's proscription against engaging in an "unlawful" business act or practice. Plaintiff seeks an order enjoining Pacific from engaging in the acts, methods, and/or practices as set forth in this Complaint and for payment of restitution.

102.    Pacific also engaged in an "unfair" business act or practice in that the justification for selling vehicles based on the misrepresentations and omissions of material fact delineated above is outweighed by the gravity of the resulting harm, particularly considering the available alternatives, and offends public policy, is

immoral, unscrupulous, unethical, and offensive, or causes substantial injury to consumers.

103.   The above-described unlawful or unfair business acts and practices conducted by Pacific continue to this day and present a threat to Plaintiff and the Class 1 Members, and the general public in that Pacific failed to publicly acknowledge the wrongfulness of its actions and provide full equitable injunctive and monetary relief as required by the statute.

104.   Pacific assigned Plaintiffs and the Subclass Members' RISCs to VW Credit and/or VW Credit is the holder of these RISCs. The improper disclosure of the registration/transfer/titling fees appears on the face of the RISCs.

105.   Pursuant to California Business & Professions Code Section 17203, Plaintiff seeks an order of this Court requiring Defendants to immediately cease such acts of unfair competition and enjoining Defendants from continuing to conduct business via the unlawful and/or unfair business acts and practices set forth in this Complaint and from failing to fully disclose the true nature of their misrepresentations, and ordering Defendants to engage in a corrective notice and advertising campaign.   Plaintiff additionally requests an order from the Court requiring Defendants to provide complete equitable monetary relief so as to prevent Defendants from benefitting from the practices that constitute unfair competition or the use or employment of any monies resulting from the sale of these vehicles, including requiring the payment of restitution of any monies as may be necessary to restore any money or property which may have been acquired by means of such acts of unfair competition.

/ / /

/ / /

/ / /

/ / /

/ / /

## FOURTH CAUSE OF ACTION

### Violation of Consumers Legal Remedies Act, Civil Code Section 1750, *et seq.* – Class 2 Claim – Injunctive Relief Only – As Against Defendants VW Credit and Does 1-10

106.   Plaintiff, on her own behalf and on behalf of the Class 2 Members, incorporates by reference each and every allegation set forth in Paragraphs 1 through 105, inclusive, of this Complaint and further alleges as follows.

107.   The vehicles purchased by Plaintiff and each Class 2 Member constitute "goods" bought for use primarily for personal, family, or household purposes pursuant to Civil Code Section 1761(a).

108.   Plaintiff and each Class 2 Member are "consumers" pursuant to Civil Code Section 1761(d).

109.   Defendant VW Credit and Does 1-10 are "persons" pursuant to Civil Code Section 1761(c).

110.   The advertisement and sale of the vehicles to Plaintiff and each Class 2 Member are "transactions" pursuant to Civil Code Section 1761(e).

111.   The acts and/or practices engaged in by VW Credit and alleged herein were intended to, and did, result in the sales of the vehicles at issue to Plaintiff and the Class 2 Members primarily for personal, family, or household purposes, and violated and continued to violate the CLRA in that VW Credit represented the transactions conferred or involved rights, remedies, or obligations which they did not have or involve, or which were prohibited by law.

112.   On or about February 21, 2012, Plaintiff served Defendants via certified mail, return receipt requested, a Consumers Legal Remedies Act notification and demand letter, seeking both individual relief and relief on behalf of Class 2 identified above.

/ / /

/ / /

113.   Plaintiff and Class 2 Members relied on VW Credit to accept for assignment only legal and enforceable contracts as an assignee and holder of their conditional sale contracts. Plaintiff and Class 2 Members suffered damages by making payments pursuant to unenforceable contracts and overpaying license fees.

114.   Plaintiff alleges the amounts disclosed as "license fees" on her RISC, and the RISCs of the members of Class 2, were false and overstated, thereby misstating the obligation and amount of license fees due by Plaintiff and the members of Class 2.

115.   Plaintiff alleges the notations "N/A," "$0," and/or "INCL.," as used to disclose the amount of registration, transfer, and titling fees due, was false and misleading, as registration, transfer and/or titling fees are always due in a vehicle sale, thereby misrepresenting the obligations of Plaintiff and the members of Class 2.

116.   The Consumers Legal Remedies Act provides a complaint for violation of the Act may be amended without leave of court should the violation not be remedied within thirty (30) days of notification.  Plaintiff will amend this Complaint to add a claim for damages under the Consumers Legal Remedies Act for violation of Civil Code Section 1770(a)(14), including statutory damages of up to $1,000 per consumer and/or up to $5,000 per consumer who qualifies as a "senior citizen" under the CLRA, should the statutory thirty-day period expire without a complete cure of VW Credit's violations.

117.   Civil Code Section 1780(a)(2) provides a consumer is entitled to an injunction prohibiting acts or practices which violate the CLRA. Plaintiff alleges VW Credit has a pattern and practice of accepting, for assignment, retail installment sale contracts for sales made in California that fail to separately itemize and disclose registration/transfer/titling fees paid to the DMV. Accordingly, Plaintiff seeks an order prohibiting Defendant VW Credit from accepting for assignment, retail installment sale contracts for sales made in California where the retail installment sale contract fails to separately itemize and disclose registration/transfer/titling fees on Line 2.B. of the Itemization of the Amount Financed section of the contracts.

118.   Pursuant to Civil Code Section 1780, Plaintiff seeks all available relief, except for damages at this time, including an order enjoining VW Credit from the acts, methods, and/or practices as set forth in this Complaint, and attorneys' fees and costs according to proof at time of trial.

### FIFTH CAUSE OF ACTION

**Action for Rescission of Conditional Sales Contract for the Sale of Goods Pursuant to Civil Code Section 1689(b) for Violation of the Automobile Sales Finance Act, Civil Code Section 2981, *et seq*. – Class 2 Claim – As Against Defendants VW Credit and Does 1-10**

119.   Plaintiff, on her own behalf and on behalf of the Class 2 Members, incorporates by reference each and every allegation set forth in Paragraphs 1 through 118, inclusive, of this Complaint and further alleges as follows.

120.   The RISCs executed by Plaintiff and each Class 2 Member for their vehicles are "conditional sale contracts" pursuant to Civil Code Section 2981(a).

121.   VW Credit is holder and assignee of Plaintiff's and each Class 2 Member's RISCs.

122.   Plaintiff and each Class 2 Member are "buyers" pursuant to Civil Code Section 2981(c).

123.   The vehicles purchased by Plaintiff and each Class 2 Member are "motor vehicles" pursuant to Civil Code Section 2981(k).

124.   Civil Code Section 2982(a) provides a list of the disclosures which a conditional sale contract for the sale of a motor vehicle shall contain.

125.   The RISCs of Plaintiff and the Class 2 Members failed to disclose on Line 2.B. of the Itemization of the Amount Financed section of the RISC the actual amount due and owing for registration/transfer/titling fees.   These improper disclosures violate Civil Code Section 2982(a) and appear on the face of the RISCs.

///

///

126.   The "Single Document Rule" in Civil Code Section 2981.9 requires all of the agreements between the buyer and seller with respect to the total cost and the terms of payment for the motor vehicle be contained in a single document. The RISCs of Plaintiff and the Class 2 Members do not show the true and correct cost of the registration/transfer/titling fees due, and therefore violate the Single Document Rule. That amount can only be learned by resorting to other documents.

127.   Since the violations include violations of Civil Code Sections 2981.9 and 2982(a), Plaintiff and each Class 2 Member are entitled to all statutory remedies pursuant to Civil Code Sections 2983 and 2983.1.  Plaintiff also seeks her attorneys' fees and costs pursuant to Civil Code Section 2983.4.

### SIXTH CAUSE OF ACTION

**Commission of Unlawful and/or Unfair Business Acts and Practices, Bus. & Prof. Code Section 17200, *et seq*. – Class 2 Claim – As Against Defendants VW Credit and Does 1-10**

128.   Plaintiff, on her own behalf and on behalf of the Class 2 Members, incorporates by reference each and every allegation set forth in Paragraphs 1 through 127, inclusive, of this Complaint and further alleges as follows.

129.   VW Credit's acts, omissions, misrepresentations, practices, and/or non-disclosures constituted unlawful and/or unfair business acts and/or practices within the meaning of California Business & Professions Code Sections 17200, *et seq.*

130.   Plaintiff and the Class 2 Members suffered injury in fact and have lost money as a result of VW Credit's unfair competition, including, but not limited to, their statutory damages under the ASFA caused by VW Credit's acts and any un-refunded overcharges of vehicle license fees.

131.   VW Credit engaged in "unlawful" business acts and/or practices by accepting assignment of RISCs that, on their face, fail to properly and separately itemize the registration, transfer, or titling owing on vehicles and failing to disclose in a single document all of the agreements as to the terms of payment for the vehicles

1    purchased by Plaintiff and the Class 2 Members. These business acts and/or practices
2    were intended to and did violate, *inter alia*, California Civil Code Section 1709, *et seq.*,
3    the CLRA, and the ASFA. Accordingly, VW Credit violated Business & Professions
4    Code Section 17200's proscription against engaging in an "unlawful" business act or
5    practice. Plaintiff seeks an order enjoining VW Credit from engaging in the acts,
6    methods, and/or practices as set forth in this Complaint and for payment of restitution.

7        132.    VW Credit also engaged in an "unfair" business act or practice in that the
8    justification for financing vehicles based on the misrepresentations and omissions of
9    material fact delineated above is outweighed by the gravity of the resulting harm,
10   particularly considering the available alternatives, and offends public policy, is
11   immoral, unscrupulous, unethical, and offensive, or causes substantial injury to
12   consumers.

13       133.    The above-described unlawful or unfair business acts and practices
14   conducted by VW Credit continue to this day and present a threat to Plaintiff and the
15   Class Members, and the general public in that VW Credit failed to publicly
16   acknowledge the wrongfulness of its actions and provide full equitable injunctive and
17   monetary relief as required by the statute.

18       134.    Pursuant to California Business & Professions Code Section 17203,
19   Plaintiff seeks an order of this Court requiring VW Credit to immediately cease such
20   acts of unfair competition and enjoining VW Credit from continuing to conduct
21   business via the unlawful and/or unfair business acts and practices set forth in this
22   Complaint and from failing to fully disclose the true nature of their
23   misrepresentations, and ordering VW Credit to engage in a corrective notice and
24   advertising campaign. Plaintiff additionally requests an order from the Court
25   requiring VW Credit to provide complete equitable monetary relief so as to prevent VW
26   Credit from benefitting from the practices that constitute unfair competition or the use
27   or employment of any monies resulting from the sale of these vehicles, including
28   requiring the payment of restitution of any monies as may be necessary to restore any

1    money or property which may have been acquired by means of such acts of unfair

2    competition.

3                            **SEVENTH CAUSE OF ACTION**

4    **Commission of Unlawful, Unfair, and/or Fraudulent Business Acts and**

5    **Practices, Bus. & Prof. Code Section 17200, *et seq.* – Individual Claim**

6          **– As Against Defendants Pacific, VW Credit, and Does 1-10**

7          135.   Plaintiff incorporates by reference each and every allegation set forth in

8    Paragraphs 1 through 134, inclusive, of this Complaint, and further alleges as follows.

9    This cause of action is brought by Plaintiff individually.

10         136.   Defendants' acts, omissions, misrepresentations, practices, and/or non-

11   disclosures constituted unlawful, unfair, and/or fraudulent business acts and practices

12   and untrue and misleading advertising within the meaning of California Business &

13   Professions Code Sections 17200, *et seq.*

14         137.   Plaintiff suffered injury in fact and lost money as a result of Defendants'

15   unfair competition, including, but not limited to, her statutory damages under the

16   ASFA caused by Defendants' acts.

17         138.   Defendant Pacific engaged in an unlawful, unfair, and/or fraudulent

18   business practices by failing to provide to consumers, including Plaintiff, with copies

19   of their signed credit applications and failing to provide customers, including Plaintiff,

20   with the legally-required disclosures regarding their credit scores.

21         139.   These business acts and/or practices engaged in by Defendants violated

22   numerous provisions of state law including, *inter alia*, California Civil Code

23   Section 1709, *et seq.*, the ASFA, and California Vehicle Code Section 11713.20.

24   Accordingly, Defendants have violated Business & Professions Code Section 17200's

25   proscription against engaging in an "unlawful" business act and/or practice. Plaintiff

26   seeks an order enjoining Defendants from engaging in the acts, methods, and/or

27   practices as set forth in this Complaint and for payment of restitution.

28   ///

1    140.   Defendants also engaged in a "fraudulent" business act and/or practice in
2    that the representations and omissions of material fact described above have a
3    tendency and likelihood to deceive purchasers of these vehicles.

4    141.   Defendants also engaged in an "unfair" business act and/or practice in
5    that the justification for selling vehicles based on the misrepresentations and
6    omissions of material fact delineated above is outweighed by the gravity of the
7    resulting harm, particularly considering the available alternatives, and offends public
8    policy, is immoral, unscrupulous, unethical, and offensive, or causes substantial injury
9    to consumers and/or lawfully operating competitors.

10    142.   Pacific assigned Plaintiff's RISC to VW Credit and/or VW Credit is the
11    holder of Plaintiff's RISC, and thereby contractually agreed to be liable to Plaintiff for
12    all claims she has against Pacific.

13    143.   Pursuant to California Business & Professions Code Section 17203,
14    Plaintiff seeks an order of this Court requiring Defendants to immediately cease such
15    acts of unfair competition and enjoining Defendants from continuing to conduct
16    business via the unlawful, fraudulent, and/or unfair business acts and practices set
17    forth in this Complaint and from failing to fully disclose the true nature of their
18    misrepresentations, and ordering Defendants to engage in a corrective notice and
19    advertising campaign.   Plaintiff additionally requests an order from the Court
20    requiring Defendants to provide complete equitable monetary relief so as to prevent
21    Defendants from benefitting from the practices that constitute unfair competition or
22    the use or employment of any monies resulting from the sale of these vehicles,
23    including requiring the payment of restitution of any monies as may be necessary to
24    restore any money or property which may have been acquired by means of such acts
25    of unfair competition.

26    / / /
27    / / /
28    / / /

## EIGHTH CAUSE OF ACTION

**Violation of the Song-Beverly Consumer Warranty Act (Civil Code §§ 1790 *et seq.*) – Individual Claim – As Against Defendants Pacific, VGA, and Does 1-10**

144.   Plaintiff incorporates by reference each and every allegation set forth in Paragraphs 1 through 143, inclusive, of this Complaint and further alleges as follows. This cause of action is brought by Plaintiff individually.

145.   Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter "Song-Beverly Act") Civil Code Section 1790 *et seq.*, the Vehicle constitutes "consumer goods" purchased primarily for family or household purposes and Plaintiff has used the vehicle primarily for those purposes.

146.   Plaintiff is a "buyer" of consumer goods under the Song-Beverly Act.

147.   Defendant Pacific is a "seller" and "retailer" under the Song-Beverly Act.

148.   Defendant VGA is a "manufacturer," "seller," "retailer" and/or "distributor" under the Song-Beverly Act.

149.   The Vehicle was delivered with serious defects and non-conformities to warranty and developed other serious defects and nonconformities to warranty, including, but not limited to, a defective battery, defects in the fuel system, instrument cluster warning lights that flash intermittently, a noisy front window, illuminated tire warning lights, and an engine that stalls, with little or no warning, while it is being driven.

150.   The foregoing defects and nonconformities to warranty manifested themselves within the applicable express warranty period.   The nonconformities substantially impair the use, value and/or safety of the vehicle.

151.   Plaintiff delivered the Vehicle for repair to authorized VGA repair facilities.

152.   Defendants refused and/or failed to conform the Vehicle to, and/or honor, the applicable warranties.

153.   In order to meet the implied warranty of merchantability consumer goods must meet each of the following criteria:  (1) pass without objection in the trade under the contract description; (2) are fit for the ordinary purposes for which such goods are used; (3) are adequately contained, packaged, and labeled; and (4) conform to the promises or affirmations of fact made on the container or label.

154.   The implied warranty of merchantability has been breached, in that, among other matters, the Vehicle has experienced a defective battery, defects in the fuel system, instrument cluster warning lights that flash intermittently, a noisy front window, illuminated tire warning lights, and an engine that stalls, with little or no warning, while it is being driven.

155.   Plaintiff is entitled to justifiably revoke her acceptance of the Vehicle under the Act.

156.   Notwithstanding Plaintiff's entitlement thereto, Defendants refused Plaintiff's demands for a refund or replacement.

157.   Plaintiff is entitled to and seeks damages and other legal and equitable relief, including, but not limited to, all incidental, consequential and general damages resulting from Defendants' failure to comply with their obligations under the Song-Beverly Act.

158.   Plaintiff is entitled under the Song-Beverly Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

159.   Plaintiff is entitled to, in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that the Defendants have willfully failed to comply with their responsibilities under the Song-Beverly Act.

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows, on behalf of herself, and the members of the Classes, as appropriate for the particular causes of action:

1. An Order certifying the Classes under the appropriate provisions of California law, and appointing Plaintiff and her counsel to represent the Classes.

2. For the declaratory, equitable, and/or injunctive relief requested as permitted under the Consumers Legal Remedies Act and Business & Professions Code Section 17203.

3. For general, special, and actual damages according to proof at trial.

4. For rescission and/or restitution of all monies required to be expended.

5. For incidental and consequential damages according to proof at trial.

6. For the specified causes of action, punitive and/or statutory damages.

7. For pre-judgment interest at the legal rate.

8. For reasonable attorneys' fees and costs of suit as specified under, *inter alia*, Code of Civil Procedure Section .1021.5, and Civil Code Sections 1717, 1780(d), 1794, and 2983.4.

9. For such other and further relief as the Court deems just and proper under the circumstances.

DATED: February 28, 2012                    ROSNER, BARRY & BABBITT, LLP


By: _____
    CHRISTOPHER P. BARRY
    Attorneys for Plaintiff

# EXHIBIT 1

## RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE

Dealer Number ~~~ 345   Contract Number 52053   R.O.S. Number 22607374   Stock Number 410006
DATE: 08/29/2009   CONTROL # 410006   Salesperson: CHRISTOPHER ESTRADA

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Creditor-Seller Name and Address |
|---|---|---|
| SUZANNE DELL 2214 BATAAN RD. REDONDO BEACH, CA 90278 LOS ANGELES | | PACIFIC VOLKSWAGEN 14900 HINDRY AVENUE HAWTHORNE, CA 90250 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2010 | VOLKSWAGEN JETTA TDI AUTO | 15 | 3VWRL7AJ8AM014741 | ☑ personal, family or household ☐ business or commercial |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 0.00. |
|---|---|---|---|---|
| 6.74 % | $ 6121.50 (a) | $ 30178.47 | $ 36300.00 (a) | $ 36300.00 (a) |

(a) means an estimate

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 65 Payments | 550.00 | Monthly, Beginning 10/13/200 |
| N/A Payments | N/A | Monthly, Beginning N/A |
| One Final Payment | 550.00 | 03/13/2015 |

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
Prepayment. If you pay off all your debt early, you may be charged a minimum finance charge.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

**ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)**

1. **Total Cash Price**
   A. Cash Price of Motor Vehicle and Accessories ..... $ 27070.94 (A)
      1. Cash Price Vehicle ..... $ 27070.94
      2. Cash Price Accessories ..... $ N/A
      3. Other (Nontaxable) ..... N/A
        Describe N/A ..... $ N/A
        Describe ..... $ N/A
   B. Document Preparation Fee (not a governmental fee) ..... $ 55.00 (B)
   C. Smog Fee Paid to Seller ..... $ N/A (C)
   D. (Optional) Theft Deterrent Device (to whom paid) ..... $ N/A (D)
   E. (Optional) Theft Deterrent Device (to whom paid) ..... $ N/A (E)
   F. (Optional) Theft Deterrent Device (to whom paid) ..... $ N/A (F)
   G. (Optional) Surface Protection Product (to whom paid) ..... $ N/A (G)
   H. (Optional) Surface Protection Product (to whom paid) ..... $ N/A (H)
   I. Sales Tax (on taxable items In A through H) ..... $ 2644.78 (I)
   J. Optional DMV Electronic Filing Fee ..... $ 0.00 (J)
   K. (Optional) Service Contract (to whom paid) N/A ..... $ N/A (K)
   L. (Optional) Service Contract (to whom paid) N/A ..... $ N/A (L)
   M. (Optional) Service Contract (to whom paid) N/A ..... $ N/A (M)
   N. (Optional) Service Contract (to whom paid) N/A ..... $ N/A (N)
   O. (Optional) Service Contract (to whom paid) N/A ..... $ N/A (O)
   P. Prior Credit or Lease Balance paid by Seller to N/A ..... $ N/A (P)
      (see downpayment and trade-in calculation)
   Q. (Optional) Gap Contract (to whom paid) N/A ..... $ N/A (Q)
   R. (Optional) Used Vehicle Contract Cancellation Option Agreement ..... $ N/A (R)
   S. Other (to whom paid) N/A ..... $ N/A (S)
      For N/A
      Total Cash Price (A through S) ..... $ 29770.72 (1)

2. **Amounts Paid to Public Officials**
   A. License Fees Estimated ..... $ 399.00 (A)
   B. Registration/Transfer/Titling Fees ..... $ N/A (B)
   C. California Tire Fees ..... $ 8.75 (C)
   D. Other N/A ..... $ N/A (D)
      Total Official Fees (A through D) ..... $ 407.75 (2)

3. **Amount Paid to Insurance Companies**
   (Total premiums from Statement of Insurance column a + b) ..... $ N/A (3)

4. ☐ Smog Certification or ☐ Exemption Fee Paid to State ..... $ N/A (4)

### STATEMENT OF INSURANCE

NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

**Vehicle Insurance**

| | | Term | Premium |
|---|---|---|---|
| $ N/A Ded. Comp., Fire & Theft | | N/A Mos. | $ N/A |
| $ N/A Ded. Coll./Sion | | N/A Mos. | $ N/A |
| Bodily Injury $ N/A Limits | | N/A Mos. | $ N/A |
| Property Damage $ N/A Limits | | N/A Mos. | $ N/A |
| Medical $ N/A | | N/A Mos. | $ N/A |
| Total Vehicle Insurance Premiums | | | $ N/A |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X _____
Co-Buyer X _____
Seller X _____

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Application for Optional Credit Insurance**
☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability (Buyer Only)

| | Term | Exp. | Premium |
|---|---|---|---|
| Credit Life | N/A Mos. | $ | N/A |
| Credit Disability | N/A Mos. | $ | N/A |
| Total Credit Insurance Premiums | | $ | N/A (b) |

Insurance Company Name N/A

Home Office Address N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown.

You are applying for the credit insurance marked above. Your signature below means that you agree that: (1) You are not eligible for insurance if you have reached your 65th birthday. (2) You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the Effective Date. (3) Only the Primary Buyer is eligible for disability insurance. DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS (Refer to "Total Disabilities Not Covered" in your policy for details).

You want to buy the credit insurance.

X _____   _____
Date   Buyer Signature   Age

X _____   _____
Date   Co-Buyer Signature   Age

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown

(Total premiums from Statement of Insurance column a + b) $ ___N/A (3)
4. ☐ Smog Certification or ☐ Exemption Fee Paid to State $ ___N/A (4)
5. Subtotal (1 through 4) $ 30178.47 (5)
6. Total Downpayment
  A. Agreed Trade-in Value  Yr N/A  Make N/A  $ ___N/A (A)
    Model N/A  Odom. N/A
    VIN N/A
  B. Less Prior Credit or Lease Balance $ ___N/A (B)
  C. Net Trade-In (A less B) (Indicate if a negative number) $ ___N/A (C)
  D. Deferred Downpayment $ ___N/A (E)
  E. Manufacturer's Rebate $ ___N/A (F)
  F. Other N/A $ ___N/A (F)
  G. Cash $ 0.00 (G)
  Total Downpayment (C through G) $ 0.00 (6)
  (If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1F above)
7. Amount Financed (5 less 6) $ 30178.47 (7)

**SELLER ASSISTED LOAN**
BUYER MAY BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN, AND
WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS
RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.

Proceeds of Loan From: N/A
Amount $ N/A  Finance Charge $ N/A
Total $ N/A  Payable in
Installments of $ N/A  $ N/A
from this Loan is shown in Item 6D.

**AUTO BROKER FEE DISCLOSURE**
If this contract reflects the retail sale of a
new motor vehicle, the sale is not subject
to a fee received by an autobroker from us
unless the following box is checked:

☐ Name of autobroker receiving fee, if
applicable: N/A

**OPTIONAL GAP CONTRACT** A gap contract (debt cancella-
tion contract) is not required to obtain credit and will not be
provided unless you sign below and agree to pay the extra
charge. If you choose to buy a gap contract, the charge is shown
in item 1O of the itemization of Amount Financed. See your gap
contract for details on the terms and conditions it provides. It is
a part of this contract.
Term N/A  Mos. _____
              Name of Gap Contract
I want to buy a gap contract.
Buyer Signs X _____

**OPTIONAL SERVICE CONTRACT(S)** You want to
purchase the service contract(s) written with the following
company(ies) for the term(s) shown below for the charge(s)
shown in item 1K,1L, 1M, 1N, and/or 1O.
1K Company N/A
Term N/A  Mos. or N/A  Miles
1L Company N/A
Term N/A  Mos. or N/A  Miles
1M Company N/A
Term N/A  Mos. or N/A  Miles
1N Company N/A
Term N/A  Mos. or N/A  Miles
1O Company N/A
Term N/A  Mos. or N/A  Miles
Buyer X _____

**HOW THIS CONTRACT CAN BE CHANGED.** This
contract contains the entire agreement between you
and us relating to this contract. Any change to the
contract must be in writing and both you and we
must sign it. No oral changes are binding.
Buyer Signs X _____
Co-Buyer Signs X _____

**SELLER'S RIGHT TO CANCEL** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on
the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.
X _____  X _____
Buyer  Co-Buyer

OPTION: ☒ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before N/A , Year ____ SELLER'S INITIALS ____

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR
NOT YOUR CURRENT INSURANCE POLICY WILL COVER NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO
NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING
DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF
THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.
S/S X _____  X _____

Representations of Buyer: Seller has relied on the truth and accuracy of the information provided by you in connection with the Trade-In Vehicle. You represent that you have
given a true payoff amount on the vehicle traded in. If the payoff amount is more than the amount shown above in Item 6B as "Prior Credit or Lease Balance," you must pay
Seller the excess on demand. If the payoff amount is less than the amount shown above in Item 6B as "Prior Credit or Lease Balance," Seller will refund the difference to you.
Buyer X N/A  Co-Buyer X N/A

Notice to buyer: (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled-
in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations
under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department
of Motor Vehicles, or any combination thereof.
After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change,
and it is an unfair or deceptive practice for the seller to make a unilateral change.
Buyer Signature X _____  Co-Buyer Signature X _____

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract
and retain its right to receive a part of the Finance Charge.*

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**
California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this
contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you
sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does
require a seller to offer a 2-day contract cancellation option on used vehicles with a purchase price of less than $40,000, subject to certain
statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an
off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

**YOU AGREE TO THE TERMS OF THIS
CONTRACT. YOU CONFIRM THAT BEFORE
YOU SIGNED THIS CONTRACT, WE GAVE
IT TO YOU, AND YOU WERE FREE TO TAKE
IT AND REVIEW IT. YOU CONFIRM THAT
YOU RECEIVED A COMPLETELY FILLED-IN
COPY WHEN YOU SIGNED IT.**

Buyer Signature X _____  Date 08/29/09  Co-Buyer Signature X _____  Date _____
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but
does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.
Other Owner Signature X _____  Address _____

GUARANTY: To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing
on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as a Guarantor, and even if Buyer has a
complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay or more
payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement
relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing.
Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default, and notices of the amount owing at any time, and of any demands upon the Buyer.
Guarantor X N/A  Date N/A  Guarantor X N/A  Date N/A
Address N/A  Address N/A

Seller Signs PACIFIC VOLKSWAGEN  Date 08/29/09  Title MANAGER

LAW FORM NO. 553-CA (REV. 5/07) U.S. PATENT NO. D443,512
©2008 The Reynolds and Reynolds Company  TO ORDER: www.reyrey.com 1-800-344-0996; fax 1-866-251-1096
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR
FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.
CaA0U953  Home Ph # (310) 371-4346  Work Ph # (310) 702-5652

CUSTOMER / TRUTH IN LENDING COPY

## OTHER IMPORTANT AGREEMENTS

1. **FINANCE CHARGE AND PAYMENTS**

   a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed. Creditor - Seller may receive part of the Finance Charge.

   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. As of the date of your payment, if the minimum finance charge is greater than the earned Finance Charge, you may be charged the difference; the minimum finance charge is as follows: (1) $25 if the original Amount Financed does not exceed $1,000, (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

2. **YOUR OTHER PROMISES TO US**

   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

   > **GAP LIABILITY NOTICE**
   > In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. An optional gap contract (debt cancellation contract) for coverage of the gap amount may be offered for an additional charge.

   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

   c. **Security interest.**
   You give us a security interest in:
   * The vehicle and all parts or goods installed on it;
   * All money or goods received (proceeds) for the vehicle;
   * All insurance, maintenance, service, or other contracts we finance for you; and
   * All proceeds from insurance, maintenance, service, or other contracts and finance for you. This includes any refunds of premiums or charges from the contracts.
   This secures payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle.

   d. **Insurance you must have on the vehicle.** You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the

   f. We will sell the vehicle if you do not get it back. If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle. We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate shown on the face of this contract, not to exceed the highest rate permitted by law, until you pay.

   g. What we may do about optional insurance, maintenance, service, or other contracts. This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe, or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
   If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
   This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

5. Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
   Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6. **Applicable Law**
   Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

7. **Warranties of Buyer.** You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

### CREDIT DISABILITY INSURANCE NOTICE
### CLAIM PROCEDURE

If you become disabled, you must tell us right away. (You are advised to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. You must send in the completed form to the insurance company as soon as possible and tell us as soon as you do.

If your disability insurance covers all of your missed payment(s), WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays

either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge equal to the Annual Percentage Rate shown on the front of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

   e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK OTHER PROMISES**

   a. You may owe late charges. You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

   b. You may have to pay all you owe at once. If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract. Default means:

     • You do not pay any payment on time;
     • You give false, incomplete, or misleading information on a credit application;
     • You start a proceeding in bankruptcy or one is started against you or your property;
     • The vehicle is lost, damaged or destroyed; or
     • You break any agreements in this contract.

    The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

   c. You may have to pay collection costs. You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.

   d. We may take the vehicle from you. If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

   e. How you can get the vehicle back if we take it. If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

ment(s), WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or it a senior mortgage or lien holder is foreclosing.

If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.

If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

<table>
<tr><td colspan="1"><b>Seller's Right to Cancel</b></td></tr>
<tr><td>a. Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract.</td></tr>
<tr><td>b. Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in allowance.</td></tr>
<tr><td>c. If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.</td></tr>
<tr><td>d. While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.</td></tr>
</table>

| Seller assigns its interest in this contract to _____ (Assignee) at (address) _____ |
|---|
| _____ under the terms of Seller's agreement(s) with Assignee. |
| ☐ Assigned with recourse      ☐ Assigned without recourse      ☐ Assigned with limited recourse |
| Seller _____ By _____ Title _____ |

Form No. 553-CA 6/08

1  ROSNER, BARRY & BABBITT, LLP
   Christopher P. Barry, SBN: 179308
2  Angela J. Smith, SBN: 216876
   10085 Carroll Canyon Road, Suite 100
3  San Diego, California 92131
   TEL: (858) 348-1005 / FAX: (858) 348-1150
4
   ROMANO STANCROFF & MIKHOV, PC
5  Steve Mikhov, SBN: 224676
   640 S. San Vicente, Suite 230
6  Los Angeles, California 90048
   TEL: (323) 936-2274 / FAX: (323) 939-7973
7
   Attorneys for Plaintiff
8

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 29 2012

John A. Clarke, Executive Officer/Clerk
BY _____ Deputy
Rygena Juliano

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                IN AND FOR THE COUNTY OF LOS ANGELES

11  SUZANNE BELL, individually and        CASE NO.    BC479956
    on behalf of all others similarly
12  situated,                              CLASS ACTION

13                    Plaintiff,
                                           AFFIDAVIT OF VENUE BY PLAINTIFF
14       v.                                SUZANNE BELL

15  SOUTH BAY MOTORS, LLC, a
    California limited liability company,
16  d.b.a PACIFIC VOLKSWAGEN; VW
    CREDIT, INC., a Delaware
17  Corporation; VOLKSWAGEN
    GROUP OF AMERICA, INC., a New
18  Jersey Corporation;
    and DOES 1 through 10, inclusive,
19
20                    Defendants.
21
22  I, SUZANNE BELL, declare as follows:

23       1.      I am the Plaintiff in this action and make this declaration to the best of

24  my knowledge, information and belief of the facts stated herein.

25       2.      I purchased the 2010 Volkswagen Jetta TDI that is the subject of this

26  litigation from South Bay Motors, LLC, doing business as Pacific Volkswagen, in the

27  City of Hawthorne, County of Los Angeles, State of California.

28  ///

COPY

1
AFFIDAVIT OF VENUE BY PLAINTIFF SUZANNE BELL

3.   I signed all paperwork for the purchase of the 2010 Volkswagen Jetta in Hawthorne, California.

4.   Accordingly, the causes of action asserted in the complaint have been commenced in the proper county or judicial district for trial.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was signed on the 22 day of February, 2012, at Redondo Beach, California.

SUZANNE BELL

AFFIDAVIT OF VENUE BY PLAINTIFF SUZANNE BELL

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE**

Case Number _____

**BC479955**

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | Hon. John L. Segal | 50 | 508 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon Michael P. Linfield | 10 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Fredrick C. Shaller | 46 | 601 | |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 | |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 | |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | **Hon. Elihu M. Berle*** | **323** | **CCW** | |
| Hon. Ronald M. Sohigian | 41 | 417 | other | | | |

*Class Actions
All class actions are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005).
This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk
By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06

**NOTICE OF CASE ASSIGNMENT –**
**UNLIMITED CIVIL CASE**

Page 1 of 2

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 101 Second Street, Suite 1800, San Francisco, CA 94105-3659. On April 6, 2012, I served the following document(s) by the method indicated below:

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 AND THE CLASS ACTION FAIRNESS ACT**

☐ by transmitting via facsimile on this date from fax number +1 415 391 8269 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☐ by transmitting via email to the parties at the email addresses listed below:

Christopher P. Barry, Esq.
Angela J. Smith, Esq.
Rosner, Barry & Babbitt, LLP
10085 Carroll Canyon Road
Suite 100
San Diego, CA 92131
Tel: 858.348.1005
Fax: 858.348.1150
*[Counsel for Plaintiff]*

Steve Mikhov, Esq.
Romano Stancroff & Mikhov, PC
640 S. San Vicente
Suite 230
Los Angeles, CA 90048
Tel: 323.936.2274
Fax: 323.939.7973
*[Counsel for Plaintiff]*

US_ACTIVE-109071397.1

1   Craig L. Winterman
    Herzfeld & Rubin LLP
2   1925 Century Park East, Suite 900
    Los Angeles, CA 90067
3   Tel:  310.553.0451
    Fax:  310.553.0648
4   Email:  cwinterman@hrllp-law.com
    *[Counsel for Defendant*
5   *Volkswagen Group of America,*
    *Inc.]*
6

7        I declare under penalty of perjury under the laws of the United States that the
    above is true and correct.  Executed on April 6, 2012, at San Francisco, California.
8

9   Glenn E. Guzik

10

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

US_ACTIVE-109071397.1